IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS K. ROGERS,
    Petitioner,

vs.                                        Case No.: 3:10cv463/LAC/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**O R D E R**

        Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 10). Petitioner failed to submit his habeas petition on the court-approved form; therefore, the undersigned issued an order directing him to do so (Doc. 4). Petitioner has now complied with the order; however, he failed to provide the court with two complete copies of his amended petition for service upon Respondent. Petitioner is advised that he must submit a complete copy for each named Respondent and for the Attorney General of the State of Florida. Therefore, Petitioner must submit two (2) complete copies of the amended petition (Doc. 11).

        As an additional matter, the court will address two additional documents filed by Petitioner bearing this case number. The first document is a civil rights complaint in which Petitioner names the former Escambia County Sheriff and several employees of the Escambia County Jail ("Jail") as Defendants and claims that Defendants violated the Eighth Amendment in June of 2006 (prior to his conviction), by failing to prevent an attack by another inmate and failing to provide adequate medical treatment for Petitioner's injuries resulting from the attack (Petitioner states he suffered an injury to his ear). Petitioner seeks monetary damages for the alleged Eighth Amendment violations. The second document is titled "Amended Writ of Mandameus [sic]," but it is essentially a motion

to require the Escambia County Sheriff's Department to produce medical records documenting treatment of Petitioner's ear injury.

Habeas corpus is not the proper vehicle for challenging the conditions of Petitioner's pre-conviction confinement at the Jail. *See* McKinnis v. Mosely, 693 F.2d 1054, 1056–57 (11th Cir. 1982). Even if Petitioner were to prevail in his argument that the conditions of his confinement were unconstitutional, he would not be entitled to release from incarceration, which is the remedy available in habeas corpus. *See* Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement). Therefore, the clerk shall be directed to assign a new case number to the civil rights complaint. Additionally, the clerk shall docket Petitioner's "Amended Writ of Mandameus [sic]" as a motion to conduct discovery in the new civil rights case.

Accordingly, it is **ORDERED**:

1. The clerk shall assign a new case number to the civil rights complaint submitted by Petitioner and docket the "Amended Writ of Mandameus [sic]" as a motion to conduct discovery in the new civil rights case. Additionally, the clerk shall docket a copy of this order as Document Number 1 in the new civil rights case.

2. Within **TWENTY-ONE (21) DAYS** from the date of docketing of this order, Petitioner shall submit two (2) complete copies of the amended habeas petition (Doc. 11). This case number should be written on each copy.

3. Petitioner's failure to comply with this order may result in a recommendation of dismissal of this case.

**DONE AND ORDERED** this 27th day of December 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**